CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 01 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK TODD SHOWALTER,** | ) | Civil Action No. 7:13cv00096 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DIRECTOR** *et al.*, | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Mark Todd Showalter, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against twenty-three defendants, each of whom is associated with the Virginia Department of Corrections, alleging that the defendants are depriving him of mental-health treatment and medications for his mental infirmities. Showalter seeks a declaratory judgment that the defendants' conduct violates the Constitution, $920,000 in damages, costs, and an injunction ordering Showalter's transfer from Keen Mountain Correctional Center to Marion Correctional Treatment Center. Because the court has previously dismissed three of Showalter's complaints pursuant to 28 U.S.C. § 1915A(b)(1),[1] and because Showalter fails to reasonably show that he is in imminent danger of serious physical injury, the court dismisses his complaint.

At last count, Showalter had filed seventeen causes of action in this court, naming approximately 180 defendants and comprising nearly 1000 pages of complaints. On multiple occasions, the court has warned Showalter about his abusive and burdensome litigation practices. In this particular complaint, Showalter alleges that he has "anxiety and panic attacks," severe stress, "continuing headaches," depression, nightmares, "mental breakdowns," anti-social

---

[1] See, e.g., Showalter v. Johnson, No. 7:08cv276 (W.D. Va. Oct. 29, 2010); Showalter v. Mussleman, No. 7:99cv00293 (W.D. Va. June 28, 1999); Showalter v. Commission, No. 7:96cv00127 (W.D. Va. February 8, 1996).

tendencies, and fits of crying. As a result, Showalter claims, he needs to "talk with the psychiatrist and get on some psychotic medication." His complaint describes a period from October 24, 2011, to November 17, 2011, during which he worked on the "yard crew" and took that opportunity to approach each of the individual defendants on separate occasions and tell them that he wanted mental-health treatment. Showalter claims that the defendants either ignored him, or insulted him, or told him they would look into it and failed to do so.

Section 1915(g) of Title 28 provides that a prisoner may not bring a civil action without prepayment of the required $350.00 filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The "imminent danger of serious physical injury" exception to § 1915(g)'s three-strikes rule "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Sheldon, 319 F.3d 1048, 1050 (8th Cir. 2003)). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id.

Assuming that Showalter's allegations are sufficiently serious to except his complaint from the three-strikes rule, nothing in his allegations show that danger is imminent. Rather, Showalter complains that, nearly a year and a half ago, the defendants did not respond appropriately when he informed them that he needed mental-health treatment. For that alleged

2

wrong, he seeks nearly $1 million in damages, a declaration that the defendants violated the Constitution, and transfer to another prison.[2] Showalter's complaint has all the hallmarks of his previous abusive and frivolous filings, and it fails to evidence a likelihood of imminent, serious physical injury. Accordingly, and because Showalter has not prepaid the filing fee, the court dismisses his complaint.

**ENTER:** April 1, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] Even if this court were not dismissing Showalter's complaint, he has not demonstrated that he would likely succeed on the merits at trial. Consequently, there is no basis whatsoever for preliminary injunctive relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).